# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
## MARTINSBURG

**UNITED STATES OF AMERICA,**

    Plaintiff,

v.         **CRIMINAL ACTION NO. 3:09-CR-23 (BAILEY)**

**TYREEK RASHAUN CLARK,**

    Defendant.

## ORDER ADOPTING REPORT AND RECOMMENDATION/OPINION

### I. Introduction

On this day, the above-styled matter came before the Court for consideration of the Report and Recommendation ("R&R") of United States Magistrate Judge David J. Joel. On July 1, 2009, Magistrate Judge Joel held a hearing on Defendant's Motion to Suppress Alleged Statements [Doc. 21]. Subsequent to that suppression hearing, Magistrate Judge Joel filed his R & R as to the defendant's motion to suppress [Doc. 25] on June 12, 2009. In that filing, the magistrate judge recommended that this Court deny the motion.

Pursuant to 28 U.S.C. § 636 (b) (1) (c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. ***Thomas v. Arn***, 474 U.S. 140, 150 (1985). In addition, failure to file timely objections constitutes a waiver of *de novo* review and the petitioner's right to appeal this Court's Order. 28 U.S.C. § 636(b)(1);

*Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984). Here, objections to Magistrate Judge Joel's R & R were due within ten days after being served with a copy, pursuant to 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b). To date, neither party has filed objections to the R & R. Additionally, defense counsel has informed this Court that no objections will be filed. Accordingly, this Court will review the report and recommendation for clear error.

II.   Facts

The defendant was under investigation for video taped buys of crack cocaine which allegedly occurred on July 5, 2006, and July 13, 2006. The defendant was shot at a night club in Virginia on July 19, 2006. On August 3, 2006, Sgt. Ted Snyder met with the defendant at the Winchester Medical Center to conduct an interview about the ongoing investigation and the two buys described in the Indictment. Although the defendant was on medication during the interview, no evidence showed that this affected his thought process. During the meeting, the defendant was presented with a Cooperative Understanding Agreement, which he signed. At the evidentiary hearing, Sgt. Snyder testified that the defendant appeared to be alert and responsive and understood why Sgt. Snyder was there. Sgt. Snyder further testified that if the defendant had appeared otherwise, he would not have conducted the interview. This Court further notes that the defendant was paralyzed at the time of the interview; therefore, he could not physically leave the hospital bed. No evidence was produced that Sgt. Snyder was aware of the defendant's paralysis.

The defendant was aware during the interview that he was involved in a criminal

investigation being conducted by the Task Force and that charges would probably be filed against him but that he was not under arrest at the time of the interview. Following the defendant's review and execution of the agreement, the defendant provided information as to the identity of several individuals, including himself, in some photographs. When asked to provide drug involvement of those individuals, defendant declined, saying that he did not want to be a "rat." Defendant then added that he wanted to think over the situation before saying anything else. The interview was terminated by Sgt. Snyder at that point.

### III. Legal Analysis

Although the defendant was unable to leave his hospital bed and was on some medications, this Court finds by a "totality of the circumstances" that his "...freedom of action was not curtailed to a degree associated with formal arrest"; therefore, the defendant was not in custody at the time of the interview, and Sgt. Snyder was not required to give a **Miranda** warning. **United States v. Braxton**, 112 F.3d 777, 781 (4th Cir. 1997). The Government has proved by a preponderance of the evidence that the statements given by the defendant were voluntary. **Lego v. Twomey**, 404 U.S. 477, 489 (1972). Although the defendant was paralyzed and on medications at the time of the interview, the evidence presented showed that he was alert and responsive during the interview; that his statements were freely given and that his "capacity for self-determination [was not] critically impaired." **United States v. Pelton**, 835 F.2d 1067, 1071 (4th Cir. 1987). Accordingly, after thorough review of the record and the transcript of the July 1, 2009, evidentiary hearing before Magistrate Judge Joel, this Court is of the opinion that the motion to suppress should be denied.

IV.     Conclusion

Upon careful review of the R & R, it is the opinion of this Court that the magistrate judge's **Report and Recommendation [Doc. 25]** should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated in the magistrate judge's report. Accordingly, the Defendant's Motion to Suppress Alleged Statements **[Doc. 21]** is hereby **DENIED**.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record herein.

**DATED:** August 26, 2009.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE